**E-FILED on** 2/12/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT MERSNICK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>USPROTECT CORPORATION, a Maryland corporation formerly known as HOLIDAY INTERNATIONAL SECURITY, INC., and DOES 1 TO 25,<br><br>Defendant. | No. C-06-03993 RMW<br><br>ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE A MOTION FOR PARTIAL RECONSIDERATION<br><br>**[Docket No. 31]** |

Defendant US Protect Corporation ("USP") moves for leave to file a motion for partial reconsideration of this court's December 18, 2006 Order Denying in Part and Granting in Part Defendant's Motion to Dismiss Plaintiff's Complaint and Granting in Part Defendant's Motion for More Definite Statement ("December 18, 2006 Order").[1] In the alternative, USP seeks clarification of the permissible scope of plaintiff's FLSA claim or a requirement that plaintiffs plead with more

---

[1] Specifically, the court (1) granted defendant's motion to dismiss plaintiff's first, second, third, sixth, and eighth claims for relief; (2) denied defendant's motion to dismiss plaintiff's fourth and fifth claims for relief; (3) denied defendant's motion to dismiss plaintiff's claim under the FLSA (seventh cause of action); and (4) granted defendant's motion for more definite statement as to plaintiff's allegations supporting his fourth and fifth claims for relief.

specificity facts establishing a viable FLSA claim.  USP makes three arguments in support of its motion.  The court addresses each of these arguments in turn.

USP first argues that the court made a factual error in concluding that the executed WH-56 Settlement Forms ("WH-56 Forms") do not show that the settlement payments made as a result of the Department of Labor's ("DOL") investigation were made under the Fair Labor Standards Act ("FLSA").  USP argues that the WH-56 Forms show that the payments were made under the FLSA because the code number "1" (which represents the FLSA for purposes of the form) "is contained in Column 4 of each of the WH-56 Forms."  Def.'s Mot. at 4:10-11.  USP further argues "[t]his code is specifically contained in the only official documents evidencing and consummating the settlement between USProtect and the Department of Labor . . . and those official documents therefore establish that USProtect and the DOL were settling the FLSA claims, not just SCA or CWHSSA claims."  *Id.* at 4:12-16.

USP's argument is without merit.  The WH-56 Form indicates the particular statutes that were the subject of the DOL's investigation in column 4.  The WH-56 Form submitted by USP, and for which this court took judicial notice, clearly shows that the code number 1 was handwritten into column 4 of the WH-56 form.  Decl. of Heather Cheyne Supp. Def.'s Mot. Dismiss, Docket No. 12 ("Cheyne Decl."), Ex. B.  Only codes "3," representing the Service Contract Act ("SCA"), and "5," representing the Contract Work Hours and Safety Standards Act ("CWHSSA") appear officially printed in column 4.  *Id.*  Moreover, an e-mail from Robert A. Kunz, who is indicated to be the DOL investigator on the WH-56 Form, refers to the WH-56 Form as "for SCA and CWHSSA."  Cheyne Decl., Ex. C at 1.  Mr. Kunz makes no mention of the FLSA.  While a letter from *USP's counsel* to Mr. Kunz purports to describe the payments pursuant to the WH-56 Form as representing payments under the SCA, CWHSSA, and the FLSA, this is insufficient to show that the DOL investigation and resulting payments were made under the FLSA.

Next, USP argues that two Ninth Circuit cases, *Miscellaneous Service Workers v. Philco-Ford Corp.*, 661 F.2d 776 (9th Cir. 1981), and *United States ex rel. Sutton v. Double Day Office Services*, 121 F.3d 531 (9th Cir. 1997), are broad enough to dispose of the issue of whether the DOL's investigation and resulting payments by USP bars plaintiffs' FLSA action.  In the December

18, 2006 Order, the court concluded that the remedies under the FLSA and the SCA and CWHSSA are not mutually exclusive.

As an initial matter, USP is simply making the same arguments it already made in its briefings for its motion to dismiss. No proper grounds for reconsideration has been offered by USP. Further, the Ninth Circuit cases cited by USP do not address the issue of whether the remedies under the FLSA are mutually exclusive of those under the SCA and CWHSSA. In *Miscellaneous Service Workers*, the plaintiffs did not make any claims under the FLSA, but attempted to bring a claim under the SCA. 661 F.2d at 777. The district court held, and the Ninth Circuit affirmed, that there was no express nor implied private right to a cause of action under the SCA. *Id.* at 781. The Ninth Circuit further held that plaintiffs' fraud claim failed to meet the requirements of Rule 9. *Id.* at 782. In addition, the court concluded that the factual allegations underlying the fraud claim essentially assert a violation of the SCA and plaintiffs were not damaged because they did not have a private right of action under the SCA. *Id.*

In *Sutton*, 121 F.3d at 533, the court concluded that the plaintiff had no standing to bring a claim alleging that his former employer violated the False Claims Act by falsely representing that prevailing wage rates were paid to its service workers as required by its contracts with the government. Noting that the SCA "requires government contractors to pay service employees minimum wages and benefits determined by the Secretary of Labor," the court concluded that the plaintiff essentially sought to enforce a claim for failure to pay "SCA-required wages." *Id.* Because the SCA "restricts employee remedies for violations of the Act to administrative channels," the court held that plaintiffs were barred from pursuing claims that he was not paid "SCA-required wages." *Id.* Thus, *Sutton* stands for the proposition that SCA-required wages (or benefits) may not be enforced by private plaintiffs in the guise of claims under other statutes. Here, plaintiffs are not seeking to enforce payment of "SCA-required" wages or benefits, nor are they seeking any damages derived from rights under the SCA. Unlike the plaintiff in *Sutton*, plaintiffs' claims are pursuant to their rights under the FLSA, such as the right to be paid for overtime worked.

Finally, USP's argument that based on the court's citations to *Masters v. Maryland Management Co.*, 493 F.2d 1329 (4th Cir. 1974), Ninth Circuit law compels that plaintiffs' FLSA

1   claims are SCA claims in disguise is also without merit.  This court cited *Masters*, 493 F.2d at 1332-
2   33, for the proposition that the remedies under the FLSA, SCA, and CWHSSA do not conflict.  *See*
3   Dec. 18, 2006 Order at 5:17-6:22.  Contrary to USP's contentions in the present motion, the court
4   discussed the Fourth Circuit's reasoning in *Masters* regarding the similarity of the "regular rate"
5   under the FLSA and the basic or regular rate under the SCA.  Notably, despite this similarity and
6   some overlaps in the statutes, "this does not mean no other parts of the other statutes may not affect
7   him."  As noted above, plaintiffs do not seek merely to enforce payment of wages at the prevailing
8   rate.  Plaintiffs' FLSA claim alleges USP's failure to pay overtime wages.  Moreover, USP's
9   argument that Ninth Circuit law compels a conclusion that plaintiffs' claim for unpaid overtime
10  pursuant to the FLSA is essentially a claim for SCA wages because overtime is computed off of the
11  regular rate is unpersuasive.  The cited Ninth Circuit cases stand only for the proposition that private
12  plaintiffs may not sue to enforce SCA-required wages.  Even though "regular rate" under the FLSA
13  is similar to "basic rate" under the SCA, the right to overtime under the FLSA does not equate to an
14  SCA right merely because overtime is calculated based on the regular rate.  USP provides no legal
15  authority that overtime pay under the FLSA constitutes "SCA-required wages" or "SCA damages."
16       Because USP has advanced no grounds warranting reconsideration of the December 18, 2006
17  Order, its motion for leave to file a motion for reconsideration is DENIED.

19  DATED:      2/12/07            _____
                                    RONALD M. WHYTE
20                                  United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Michael Millen                MikeMillen@aol.com

**Counsel for Defendant:**

Steven R. Blackburn           sblackburn@ebglaw.com
Matthew A. Goodin             mgoodin@ebglaw.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   2/12/07                                         SPT
                                                    **Chambers of Judge Whyte**