**E-FILED on**    9/7/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT MERSNICK, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>USPROTECT CORPORATION, a Maryland corporation formerly known as HOLIDAY INTERNATIONAL SECURITY, INC., and DOES 1 TO 25,<br><br>    Defendants. | No. C-06-03993 RMW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT<br><br>**[Docket No. 35]** |

Defendant USProtect Corporation ("USP") moves to dismiss plaintiff's second amended complaint for failure to state a claim or for more definite statement as to certain allegations.[1] Plaintiff Scott Mersnick ("Mersnick") opposes USP's motion. The court heard oral argument on March 23, 2007. The court has read the moving papers and considered the argument of counsel. For the reasons set forth below, the court (1) grants defendant's motion to dismiss plaintiff's first, second, third, and sixth claims with prejudice; (2) grants defendant's motion to dismiss plaintiff's fourth, fifth, and eighth claims; and (3) grants plaintiff twenty (20) calendar days from the date of this order to amend those claims not dismissed with prejudice. The parties shall appear for a further

---

[1] The court notes that no class has been certified under Fed. R. Civ. P. 23 in this action and, as set forth elsewhere in this order, the court's order applies only to plaintiff's individual claims.

case management conference Friday, September 28, 2007, at 10:30 a.m.

## I. BACKGROUND

Mersnick is employed full-time as a security officer in Santa Barbara County. SAC ¶ 2. Although not stated in the complaint, the parties do not dispute that Mersnick specifically works at Vandenberg Air Force Base ("Vandenberg") and that Vandenberg is a federal enclave. USP provides security and investigation services primarily to government agencies. *Id.* ¶ 5. Plaintiff alleges that such security services are provided under contracts with federal agencies and others in the United States and outside the United States. *Id.* ¶ 6. Plaintiff alleges that under these contracts, USP is "obligated to reimburse employees for costs of certain training and certification, if any" including state certifications. *Id.* ¶ 8. According to the complaint, USP agreed to comply with "various applicable local, state and federal laws" under the contracts. *Id.* ¶ 9.

Plaintiff contends that USP failed to comply with its contractual obligations by, *inter alia*, not providing for proper meal periods, deducting pay for meal periods even when it expected or directed the employee to perform duties during the meal period, typically not providing rest periods, expecting or directing security officers to work "off the clock" without pay, paying less than the obligated amounts to employees for travel to and participation in training and shooting qualifications, and assuring officers that they would not need to obtain various certifications and permits only to later reverse its position. *Id.* ¶ 10.

Plaintiff purports to bring this action on behalf of himself and a putative class consisting of:

> all persons who currently are or ever have been employed by [USP] as security officers anywhere in the world on or after June 28, 2002, (which is four years before the date this complaint was originally filed).

*Id.* ¶ 12.

Plaintiff alleges that USP violated the Fair Labor Standards Act ("FLSA") and also alleges seven claims for relief under California statutory and common law. On December 18, 2006 the court granted defendant's motion to dismiss plaintiff's first, second, third, sixth, and eighth claims for relief with twenty days' leave to amend. *Id.* Order of December 18, 2006 Denying in Part and Granting in Part Defendant's Motion to Dismiss ("December 18, 2006 Order"). The court denied defendant's motion to dismiss plaintiff's fourth, fifth, and seventh claims, but ordered plaintiff to

provide a more definite statement as to his fourth and fifth claims.

## II.  ANALYSIS

### A.  Legal Standard

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Dismissal can be based on the "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).  The issue is not whether the non-moving party will ultimately prevail but whether it is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  The court's review is limited to the face of the complaint, documents referenced in the complaint, and matters for which the court may take judicial notice. *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir. 1991).  When evaluating a Rule 12(b)(6) motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994). However, the court is not required to accept conclusory legal allegations "cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

### B.  First, Second, and Third Claims for Violations of California Labor Laws

The court previously dismissed plaintiff's first, second, and third claims because it found that Vandenberg was a federal enclave and that plaintiff's first, second, and third claims under California law were barred by the federal enclave doctrine.  Plaintiff did not amend his complaint as to these claims.  In opposition, plaintiff argues that the claims should not be dismissed on the basis that he is able to assert a new argument if given leave to amend his complaint to allege that plaintiff worked for USP as an employee pursuant to a contract between USP and the United States, but does not seek benefits pursuant to this contract.  However, the court need only look at the allegations in plaintiff's complaint.  *See Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir. 1991); *Gilmour v. Gates*, 382 F.3d 1312, 1313 (11th Cir. 2004) (holding that a non-moving party plaintiff cannot raise a new legal claim for the first time in response to the opposing party's summary judgment motion). Regardless, such a theory does not overcome the fact that the Federal Enclave Doctrine bars these

state law claims. Plaintiff concedes that Vandenberg is a federal enclave. The court previously concluded that plaintiff's claims were barred by the federal enclave doctrine, not based on the Service Contract Act ("SCA"), 41 U.S.C. §§ 351 *et seq.*, or the Contract Work Hours and Safety Standards Act ("CWHSSA"), 40 U.S.C. §§ 3701 *et seq.*[2] *See Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 181 (1988) (holding that "a federally owned facility performing a federal function is shielded from direct state regulation, even though the federal function is carried out by a private contractor, unless Congress clearly authorizes such regulation"). Under the Federal Enclave Doctrine, plaintiff's state claims would be barred regardless of whether or not he seeks benefits pursuant to the contract between USP and the federal government. Accordingly, the court dismisses plaintiff's first, second, and third claims with prejudice.

  **C.**  **Fourth and Fifth Claims for Promissory Estoppel and Unjust Enrichment**

  USP moves to dismiss plaintiff's fourth claim for unjust enrichment and fifth claim for promissory estoppel with prejudice on several grounds: (1) plaintiff has failed to provide a more definite statement as required by the court's December 18, 2006 Order; (2) plaintiff's claims, as alleged, essentially seek to enforce rights and remedies under the SCA, which does not provide for a private cause of action; and (3) plaintiff's fifth claim for promissory estoppel fails because the alleged duty is already supported by consideration or is a duty imposed by law. Defendant argues that plaintiff's claims fall under the SCA, which does not provide for a private cause of action. The SCA governs all contracts entered into by the United States in excess of $2,500 and calling for the use of service workers. 41 U.S.C. § 352. It requires such contracts to include a provision allowing for payment of wages at the prevailing rate and payment of fringe benefits at the prevailing rates. 41 U.S.C. § 352(a)(1) & (2).

  At the hearing on defendant's motion, plaintiff clarified the scope of his fourth and fifth claims. Specifically, plaintiff explained that these claims do not allege that he was not paid overtime owed to him. Rather, his fourth and fifth claims address only the narrow allegation that he was promised a straight-time pay rate greater than the (minimum) prevailing rate mandated under the SCA, but not paid at such higher rate. Plaintiff agrees that if he had only been promised the

---

[2]   Prior to September 27, 2006 the CWHSSA was codified at 40 U.S.C. §§ 328 *et seq.*

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS—C-06-03993 RMW
SPT  4

prevailing rate, the parties' rights would be governed by the SCA.  As to his claims that defendant failed to make expense reimbursements owed to him, plaintiff represented that his fourth and fifth claims are premised only on the narrow allegation that defendant promised but did not pay expense reimbursements to plaintiff beyond those reimbursements covered by the contract or contracts between USP and the federal government.  Plaintiff agrees that disputes about expense reimbursements that fall within the scope of the contract or contracts between USP and the federal government are governed by the SCA.

At the hearing, defendant agreed that plaintiff's fourth and fifth claims could proceed based on the narrow theories articulated by plaintiff at the hearing.  In its motion, USP argues that plaintiff failed to allege the source of the duty allegedly owed.  The December 18, 2006 Order required plaintiff to make a more definite statement of its fourth claim, including the state law or contract pursuant to which he alleges the relevant duty to reimburse, the types of expenses incurred, and the agreed-upon reimbursement rates. Dec. 18, 2006 Order at 16:16-18.  Plaintiff's SAC alleges that USP has not reimbursed him for his semi-annual California State Permit for Exposed Firearm ("Gun Card") recertification and for a mandatory drug-test taken during non-working hours.  Further, USP required plaintiff to attend a full day training without pay in order to receive a California State Guard Registration ("Guard Card").  SAC ¶¶ 34.5, 36.5.  Payments for the permit and registration total approximately $600 to $800.  However, plaintiff's amended complaint lacks factual allegations supporting his contentions that (1) he was promised a straight-time rate greater than the prevailing rate, (2) that he was paid less than the promised rate, (3) that he was promised expense reimbursements, (4) that such promised reimbursements are outside the scope of the relevant contract or contracts between USP and the federal government.  Plaintiff's complaint does not indicate (1) the straight time pay rate he was promised and (2) the scope of the contract or contracts between USP and the federal government as to expense reimbursements.  Because plaintiff concedes that claims that fall within the scope of such contracts are governed by the SCA which does not provide for a private cause of action, his complaint must set forth how his claims are outside the

scope of the SCA.[3]

### D.     Sixth Claim Under Cal. Bus. & Prof. Code § 17200

Plaintiff's sixth claim alleges a violation of Cal. Bus. & Prof. Code § 17200 based on unfair and unlawful business practices. The court previously granted defendant's motion to dismiss plaintiff's § 17200 claim because

> plaintiff's claims of violations of wage and hour laws in a federal enclave are governed by the FLSA, plaintiff's state law claims for such violations are barred by the Federal Enclave Doctrine. It follows, then, that plaintiff's § 17200 claim, predicated on the same alleged violations of wage and hour laws are also barred by the Federal Enclave Doctrine.

Because plaintiff's allegations, including the new allegations in the SAC, essentially seek to enforce rights governed by the FLSA, *see* SAC ¶¶ 40.5-40.9, his § 17200 claim is barred by the Federal Enclave Doctrine. In addition, plaintiff's argument that the FLSA does not preempt state law or a § 17200 claim is irrelevant as the issue here is whether the claim is barred by the Federal Enclave Doctrine. Moreover, as defendant points out, plaintiff's claim is barred by the Federal Enclave Doctrine on the basis that § 17200, as codified, did not exist at the time Vandenberg became a federal enclave.[4] As such, plaintiff's sixth claim is dismissed with prejudice.

### E.     Eighth Claim

Plaintiff's eighth claim alleges a breach of contract. In the December 18, 2006 Order the court dismissed this claim on the basis that the allegations were insufficient to state a breach of contract claim. Plaintiff's SAC alleges that there is no express or written contract but that there is an implied contract which defendant breached because it failed to "pay for the time [plaintiff] provided services (or made [himself] available to provide services) at the location(s) designated by [USP]." *Id.* ¶¶ 7.5, 52.5. Plaintiff alleges that the terms of the implied contract are that USP will pay plaintiff hourly for providing services and for being available to provide services. However, "oblique

---

[3] Further, plaintiff acknowledges that he mistakenly did not point to the state law or contract giving rise to USP's duty. In opposition, he offers to amend the complaint to allege that USP's duty arises from Cal. Labor Code § 2802. Plaintiff also notes that he will amend his complaint to allege a class of only California based employees for this claim.

[4] Plaintiff does not dispute that § 17200, as codified, did not exist at the time Vandenberg became a federal enclave. Although plaintiff suggested at the hearing that his claims might be viable under some common law form of the unfair competition laws then in existence, his complaint does not set forth such a claim or factual allegations supporting such a claim.

language will not, standing alone, be sufficient to establish agreement" and an "[a]greement may be shown by the acts and conduct of the parties, interpreted in the light of the subject matter and of the surrounding circumstances." *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 681 (1988) (internal quotation marks and citation omitted). Here, plaintiff does not provide any factual allegations supporting the existence of an implied contract between plaintiff and defendant with the particular terms he alleges—for instance, that plaintiff would be paid for the time he made himself available to provide services.[5] Plaintiff's allegations are insufficient to state a breach of implied contract claim.

### III. ORDER

For the foregoing reasons, the court:

1. Grants defendant's motion to dismiss plaintiff's first, second, third, and sixth claims with prejudice;

2. Grants defendant's motion to dismiss plaintiff's fourth, fifth, and eighth claims; and

3. Grants plaintiff twenty (20) calendar days from the date of this order to amend those claims not dismissed with prejudice.

4. The parties shall appear for a further case management conference Friday, September 28, 2007, at 10:30 a.m.

DATED:     9/6/07                                          /s/ Ronald M. Whyte
                                                           RONALD M. WHYTE
                                                           United States District Judge

---

[5] Likewise, the additional allegations plaintiff seeks to add in a third amended complaint would not be sufficient absent factual allegations supporting an implied agreement that USP would compensate plaintiff for the alleged unpaid meal periods, rest periods, and other "off the clock" periods.

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

Michael Millen           MikeMillen@aol.com

**Counsel for Defendant:**

Steven R. Blackburn      sblackburn@ebglaw.com
Matthew A. Goodin        mgoodin@ebglaw.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**    9/7/07                                    SPT
                                              **Chambers of Judge Whyte**